# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:07-CR-168 |
| ) | |
| ORINTHIAN PHARMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the "memorandum of law brief in support of petition/motion to vacate judgment in the nature of U.S. Const. Amend. v and Fed. R. Crim. P. 11(f)" filed on January 25, 2012. For the reasons stated below, Petitioner's motion is **TAKEN UNDER ADVISEMENT**.

As the title suggests and content therein confirms, this filing is functionally a collateral attack pursuant to 28 U.S.C. section 2255. *See, e.g., Brannigan v. United States*, 249 F.3d 584, 586 (7th Cir. 2001).[1]

Because Pharms has yet to file a motion under section 2255, but the instant motion presents issues substantively within section 2255, Pharms is hereby given notice that the instant motion can preclude any

---

[1] The procedural posture of this case also leads the Court to believe the arguments in the instant motion are a collateral attack. Pharms pled guilty and was sentenced by this Court to 77 months of imprisonment. Pharms filed an appeal, and that appeal was dismissed as untimely on August 24, 2010.

later collateral proceedings. *See United States v. Evans*, 224 F.3d 670, 673-75 (7th Cir. 2000). Pursuant to *Carter v. United States*, 312 F.3d 832, 832-33 (7th Cir. 2002), and *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001), the Court now gives Pharms notice that the arguments presented in his motion will be treated as a motion made pursuant to 28 U.S.C. section 2255, and gives him an opportunity to withdraw the motion, if he so chooses. If Pharms does not advise the Court on or before March 1, 2012, that he wishes to withdraw the claims set forth in his letter, it shall be treated as a section 2255 motion and the Court will proceed. If Pharms wishes to add any other arguments for collateral relief, they should be set forth in a memorandum, accompanied with citations to legal authority where appropriate, on or before March 1, 2012. Additionally, if Pharms chooses to proceed, Pharms is directed to address the timeliness of his motion on or before March 1, 2012.

**DATED: February 1, 2012**          /s/RUDY LOZANO, Judge
                                              **United States District Court**